# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| HENRY L. DUPLANTIER | § | |
| | § | |
| V. | § | NO. 1:08-CV-897 |
| | § | |
| JOHN E. POTTER | § | |
| *Post Master General* | § | |

**CONSOLIDATED CASES**

| | | |
|---|---|---|
| HENRY L. DUPLANTIER | § | |
| | § | |
| V. | § | NO. 1:08-CV-898 |
| | § | |
| JOHN E. POTTER | § | |
| *Post Master General* | § | |

## ORDER ADOPTING
## <u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

The court referred this matter to the Honorable Earl S. Hines, United State magistrate judge, for pretrial proceedings pursuant to General Order 05-07. The court has received and considered the report of the United State magistrate judge, who recommends that the court grant in full defendant's motion for summary judgment.

Plaintiff filed timely objections which summarize his previously asserted factual allegations and request that the court consider new allegations in an EEO complaint filed approximately six months after the instant claim was commenced. This requires a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(C).

Having considered the magistrate judge's report and conducted a *de novo* review of plaintiff's objections, the court finds that plaintiff's objections lack merit. First, plaintiff's objections fail to identify any specific relevant fact that the magistrate judge failed to take into account. Plaintiff simply requests that the court consider his newest EEO complaint without providing a copy of the complaint or specifying the actions complained of therein. Second, plaintiff has failed to demonstrate that he has exhausted his administrative remedies regarding this newest EEO complaint. *See* 42 U.S.C. § 2000e-16c; *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 833-34, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Randel v. United States Dep't of Navy*, 157 F.3d 392, 395 (5th Cir. 1998) (citing *Brown*, 425 U.S. at 832, and holding that "as a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies."). Lastly, even if the court could consider plaintiff's newest EEO complaint, plaintiff cannot, on the eve of dismissal, inject yet another EEO complaint into his already verbose claim. Accordingly, plaintiff's objections are **OVERRULED**, the report of the magistrate judge is **ADOPTED**, and defendant's "Motion for Summary Judgment" [Docket No. 47] is **GRANTED**. It is further

> **ORDERED** that the reference to the magistrate judge is **VACATED**. It is further
>
> **ORDERED** that all pending motions are **DENIED** as moot.
>
> Final Judgment will be entered separately.
>
> So **ORDERED** and **SIGNED** this **15** day of **December, 2010.**

_____
Ron Clark, United States District Judge